NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | | |
|---|---|---|
| ALFONSO RAMIREZ-HERRERA, | ) | No. 10-72498 |
| | ) | |
| Petitioner, | ) | Agency No. A078-119-847 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| ERIC H. HOLDER, Jr., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Alfonso Ramirez-Herrera, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' denial of his motion to remand to the Immigration Judge for further proceedings. We deny the petition.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

On May 16, 2007, the IJ determined that the government had carried its burden of proving[1] that Ramirez, a legal permanent resident, was inadmissible because he had "engaged in illegal activity" after he departed the United States;[2] that is, he engaged in alien smuggling.[3] On March 9, 2009, the BIA agreed, but in so doing it erroneously applied a standard that placed the burden of persuasion on Ramirez. Due to that error, on the government's motion, we remanded the case to the BIA so that the correct standard could be applied. On July 16, 2010, the BIA, once again, agreed with the IJ and, in so doing, correctly placed the burden of persuasion on the government. It saw no reason to remand to the IJ, who had already applied the correct standard, nor do we. In short, the BIA's decision to deny Ramirez's motion to remand was not an abuse of discretion. See Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005); see also Shin v. Mukasey, 547 F.3d 1019, 1025 (9th Cir. 2008). Nor has Ramirez shown that the proceedings were fundamentally unfair. See Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000).

---

[1]That placement of the burden was correct. See Santiago-Rodriguez v. Holder, 657 F.3d 820, 829 (9th Cir. 2011); Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 680 (9th Cir. 2005).

[2]8 U.S.C. § 1101(a)(13)(C)(iii).

[3]See Urzua Covarrubias v. Gonzales, 487 F.3d 742, 746, 748 (9th Cir. 2007).

Ramirez also suggests that the evidence was insufficient to support a finding that he had engaged in alien smuggling activities after he departed the United States. We disagree. On the record before us, we are unable to say that the evidence compels a conclusion contrary to that reached by the BIA. See INS v. Elias-Zacarias, 502 U.S. 478, 481 & n.1, 483–84, 112 S. Ct. 812, 815 & n.1, 817, 117 L. Ed. 2d 38 (1992); Gonzaga-Ortega v. Holder, 736 F.3d 795, 800–01 (9th Cir. 2013). On the contrary, a reasonable fact-finder could determine that "clear, unequivocal, and convincing evidence"[4] supported the conclusion that Ramirez engaged in those activities. Among other things, Ramirez's untruthful statements to Customs and Border Patrol officers lend strong support to the BIA's conclusions. See Li v. Holder, 738 F.3d 1160, 1163 (9th Cir. 2013); Moran v. Ashcroft, 395 F.3d 1089, 1091–92 (9th Cir. 2005), overruled on other grounds by Sanchez v. Holder, 560 F.3d 1028, 1030–31, 1034 (9th Cir. 2009) (en banc); see also Abufayad v. Holder, 632 F.3d 623, 631 (9th Cir. 2011).

Petition DENIED.

---

[4]Santiago-Rodriguez, 657 F.3d at 829 (internal quotation marks omitted); Hernandez-Guadarrama, 394 F.3d at 679 (internal quotation marks omitted).